IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY HAWKER,<br><br>   Plaintiff,<br><br>v.<br><br>CB NEPTUNE HOLDINGS, LLC DBA NEPTUNE RETAIL SOLUTIONS,<br><br>   Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Amy Hawker ("Plaintiff" or "Ms. Hawker"), by and through undersigned counsel, and files her Complaint for Damages against Defendant CB Neptune Holdings, LLC dba Neptune Retail Solutions ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

During the relevant time period, April 2017 through January 2021, Plaintiff was employed by Defendant.

6.

Defendant is licensed to conduct business in this district.

7.

Defendant employed Plaintiff during the relevant time period.

8.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

10.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

Defendant's principal place of business is located at 20 Westport Road, #100, Wilton, CT 06987. Defendant may be served with process by delivering a copy of the summons and complaint to Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## ADMINISTRATIVE PROCEDURES

12.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about May 11, 2021.

13.

The EEOC issued the "Notice of Right to Sue" on November 30, 2021.

14.

This action is being commenced within ninety (90) days of receipt of the first Notice.

## FACTUAL ALLEGATIONS

15.

Ms. Hawker began working for Defendant on April 27, 2017, as a Retail Merchandiser.

16.

Ms. Hawker is an individual with a disability as defined by the Americans with Disabilities Act, as amended.

17.

Ms. Hawker has physical impairments which substantially limits one or more major life activities, including but not limited to standing, pushing, pulling, and working.

18.

Ms. Hawker's physical impairments are a result of a brain surgery, several back and abdominal surgeries, a permanent knee injury, and a compression fracture in her back. She suffers from dizziness as a result of medication she takes to prevent seizures.

19.

Defendant was aware of Plaintiff physical limitations.

20.

On January 8, 2021, Ms. Hawker first asked for an accommodation. Ms. Hawker had been asked to hang very large signs in the lobby of a bank, which required her to climb a step stool, work with her head tilted back and with both hands over her head. These movements caused dizziness in Ms. Hawker and placed her at risk of a fall.

21.

Ms. Hawker's supervisor, Kimberly Thomason ("Thomason" or "Ms. Thomason") agreed to remove this task from her responsibilities, but on at least one occasion made a comment such as: "If I can do it, you should be able to do it too."

22.

On January 15, 2021, Ms. Hawker sent an email to her supervisor, Kimberly Thomason ("Thomason" or "Ms. Thomason"), requesting another accommodation.

23.

In the email, Ms. Hawker noted that she was almost 60 and physically unable to continue doing the cart assignments due to her various disabilities. The cart assignments required pushing carts of over 60 pounds, a task that Ms. Hawker is physically unable to do.

24.

A conference call was scheduled between Ms. Hawker, Benefits and HR Administrator Ashley Barter ("Barter" or "Ms. Barter"), and VP of Sales Human Resources Colleen Moran ("Moran" or "Ms. Moran") for January 28, 2021.

25.

At this meeting Defendant requested additional information from Ms. Hawker's medical provider.

26.

Later that day, Ms. Hawker notified Ms. Barter and Ms. Thomason that she had scheduled an appointment with her doctor for February 3rd, and that she would forward the note once she got home.

27.

At the meeting, Defendant also accused Ms. Hawker of falsifying time records by reporting that she had completed a job that had not been completed.

28.

In response, Ms. Hawker reminded Defendant of a glitch in the system that had created the time records that Defendant referred to. Ms. Hawker had not falsified any time records.

29.

After the conversation with Human Resources, Ms. Hawker sent a text message to Ms. Thomason indicating she felt that the company was looking for an excuse to fire her.

30.

Ms. Thomason did not respond. Ms. Hawker, concerned that she was going to be fired, left the materials related to the cart jobs on her porch for Ms. Thomason to pick up.

31.

The following day, on January 29, 2021, Ms. Hawker was terminated.

32.

Ms. Thomason sent an email to Ms. Hawker on January 29, 2021:

*After receiving your texts today regarding completing this week's work and then placing your equipment and supplies on your porch for my pick up on Saturday, I partnered with Ashley Barter and shared your text messages. The decision was made to accept your resignation effective today, 1/29/2021.*

33.

Ms. Hawker never resigned from her employment with Defendant. She was actively in the process of gathering the documentation asked of her from her doctor.

34.

But for Ms. Hawker's disabilities, and her request for an accommodation for the same, she would not have been terminated.

35.

Defendant terminated Plaintiff because she had a record of a disability or because it regarded her as disabled or because she engaged in protective activity.

36.

Defendant failed to engage in the interactive process with Plaintiff in terminating her employment prior to Plaintiff's medical appointment, which Defendant was aware of.

37.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

38.

Plaintiff re-alleges paragraphs 15 through 37 as if set forth fully herein.

39.

Plaintiff has physical impairments which substantially limits one or more major life activities, including but not limited to standing, pushing, pulling, and working.

40.

Plaintiff's impairments are "disabilities" within the meaning of the ADA, as amended.

41.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

42.

Defendant was aware of Plaintiff's disabilities.

43.

Defendant terminated Plaintiff's employment because of her disability.

44.

Defendant terminated Plaintiff's employment because of her accommodation requests.

45.

By terminating Plaintiff's employment because of her disability Defendant violated the ADA, as amended.

46.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

47.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

48.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

49.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

50.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

51.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

52.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

53.

Plaintiff re-alleges paragraphs 157 through 37 as if set forth fully herein.

54.

Plaintiff has physical impairements which substantially limits one or more major life activities, including but not limited to standing, pushing, pulling, and working.

55.

Plaintiff's impairments are "disabilities" within the meaning of the ADA, as amended.

56.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

57.

Defendant was aware of Plaintiff's disabilities.

58.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

59.

Plaintiff requested that Defendant accommodate her disability by reassigning her to lighter-duty.

60.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

61.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

62.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

63.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

64.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

65.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

66.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

67.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

68.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

69.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted the 17th day of January, 2022.

**BARRETT & FARAHANY**

 s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Amy Hawker*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com